and then also 13 6 3 6 1 USA v. Travis Gentry which will be submitted on argument not to exceed 20 minutes per side and Mr. Lieberman may know Mr. Samuel and Miss Salinas and Brent Mr. Brandt will be submitted on  argument not to exceed 20 minutes per side and Mr. Brandon Fetzer may proceed for the appellant and let's see it's 20 minutes it's 10 minutes for each defendant is that correct that's my understanding all right and then 20 minutes for the government and do you wish to have some rebuttal yeah two minutes of rebuttal your honor your honor my name is Don Samuel I practice law in Atlanta I represent the appellant Frank Randolph along with my partner who's at the council table Amanda Clark Palmer we were not trial counsel first thank you for this somewhat warm welcome to Cincinnati we come from where it's it was 70 degrees yesterday when we left Atlanta and I was able to find a coat fortunately you know Frank Randolph and this appeal raises a number of issues I'd like to focus on two of them if I may one is the rather bizarre and answer and the second is the money laundering calculation the sentence you've been struggling with a verdict form already I can tell you that yeah the verdict form obviously reflects the trial courts intention to deal with potential apprendi or perhaps you know anticipating a lane problems United States versus a lane trying to determine whether they were going to be any mandatory minimums with regard to the drug quantity so what the verdict but it asked initially was the defendant guilty or not guilty on count one which was the drug conspiracy and then it went on to ask three additional questions in a rather unusual way not not the way we would do it in the 11th Circuit or the Northern District of Georgia where I practice it asked specifically what you know was there any drugs involved any of the three different drugs that were listed in the indictment and what was their objection to the verdict for now there was there was an objection to the instruction there was and which is a key part of this case I think the form itself form itself is not objected to why not well there's nothing necessarily wrong with the form and well it is isn't it with respect to count one of the indictment the amount of the amount involved it's okay I guess that you know that refers to the conspiracy doesn't it right so but what happened was there was a an additional supplemental instruction given and we cite that in our reply brief and the government doesn't spend much time addressing that meaning it addresses spends no time addressing it what the verdict form says was with respect to count one the amount of cocaine involved was none now it is conceivable it's a little bit of an intellectual challenge to figure out how you could have a conspiracy with not that drug involved not that can be that that can be the case it is conceivable in the government says that the problem was that the jury instruction that was given to the jury was actually quite clear it said if you unanimously find that a particular controlled substance was not involved mark none and that's what they did so this jury unanimously found assuming that they complied with the judge's jury instruction unanimously found that there was no cocaine involved in the conspiracy not just that he didn't possess it not just that he may be an undetermined amount but based on the jury instruction which is it at ID 6873 cocaine was not involved in the conspiracy with regard to rent Randolph crack cocaine was not involved in the conspiracy ecstasy was not involved in the conspiracy they unanimously found that it was not well what was involved I mean we don't know what the jury found and there's a good reason why the jury would have that confusion because there was no evidence that Frank Randolph was involved let me retract that there was very little evidence that Frank Randolph had any involvement in any drugs at all there was no drugs found at his house during the search there was there was some cryptic phone messages that you know wiretap calls where you could interpret them as being kind of code but it was really none and by time of sentencing the judge says there's no evidence of drugs with him so the jury's conspiracy conclusion may have reflected may have reflected its belief that his involvement in the post drug activity which is the same as count 10 in other words the money makes him a member of the conspiracy but once they make the determination that there were no controlled substances involved in this conspiracy obeying the trial judge's jury instruction we contend that at that point the judge should have done what happened in a civil case and that's why we cite the civil you know rule 49 in our brief because that's the closest analog the court I'm sorry what's the practical effect if we agreed with you good well the conviction very important questions as to count one when he's got the convictions and sentences on these other counts is there is there is absolutely effect yeah the practical effect was the forfeiture judgment because they had a forfeiture trial you know the bifurcated trial the effect of the drug conviction was a seven hundred and fifty thousand dollar forfeiture judgment the jury was asked to to render a money judgment which is unusual these days rule 32.2 usually says the judge does that but the jury was asked to render a money judgment under the forfeiture based on count one based on the drugs and and unfortunately for Frank Randolph it was joint and several liability so he stuck with a seven hundred and fifty thousand dollar judgment now which the government is in process as we speak today of taking his home taking his real estate it's paid for home based on a on a conviction on count one the other defendants are in jail for life I don't know what their assets are but Frank Randolph was about to get released incidentally is going to be released with a seven hundred and fifty thousand dollar judgment based only on only on the conviction on count one it would make no difference on sentencing it would not you're saying it's just the forfeiture issue that is exactly right just so you know it's also had an effect on we can't get bond pending appeal not that that's particularly important at this point but you can't get bond on a drug conviction you could have on a money laundering conviction so he's sitting in jail with conceivably for six months to go and you know till he's halfway house eligible and can't get out because he's got a drug conviction so it has that practical effect also educate me on how if it makes a difference to your argument that the verdict forms for the other defendants on the very same one large we'll call it a wheel or no I guess it was a chain this time conspiracy there are drug findings in each of those as to that conspiracy well I think that demonstrate that demonstrates that that our client was probably found or that arguably the jury found he wasn't a member of this drug conspiracy and was bag man for a conspiracy and that's all that person does you could but a jury would then still have to find that he was the bag man for a certain controlled substance you can't be a bag man for a conspiracy with no no controlled substances if you look at you be a bag man for the money yes of a conspiracy in which you are not involved in the drugs but the other co-conspirators are and you either know or put on blinders this yes obviously you can there's lots of things you can be the getaway driver in a bank robbery never walk in the back you can be the before we had money laundering laws before 1956 and 57 were passed in 1986 people were routinely found guilty of being I'm gonna lose my money laundering argument here but I could interject the the principal argument the government in response is courts don't review inconsistent verdicts in criminal cases these are not mutually exclusive verdicts because because we're not dealing with two counts of guilty we're we're dealing with that's right kind of more of an internal inconsistency I agree I think the mutually exclusive verdict rule is best viewed as being analogous to our situation as opposed to the controlling authority it's the civil rules that deal with with special interrogatories that I think the court ought to look at as a good guide as to what should be done which is where the component parts the component elements of an offense have been unanimously unanimously found not to exist that should lead the court to say I'm not going to accept the general verdict authority for the court to look at civil rules I well logic I don't have logic counts as authority probably not I see my time is not can I in my rebuttal address the money laundering issue okay if I'll just I'll just take one minute on the money laundering issue that the court the PSR recommends over $200,000 on the money laundering everybody agrees he was never found with $200,000 that never happened it was no and and the judge it during the sentencing says a lot of his income money in his bank account represents tempting his tempting business so this didn't did they not say that the tempting business was maybe ten or $20,000 per year per year per year and the judge says and demands that orders that the PSR be amended to reflect that at no time does this judge ever say I find this $200,000 in tainted money at no time does she say that that that it was concealed I mean the fact that he has money in his house doesn't mean that it's money laundered money you can have dirty money that's not well we'll we'll take that I mean we did that a long time ago I don't want to abuse my the extra time I mean I I tend to agree with you the judge did not have any basis for picking that number and we'd welcome a remand is it a remand for resentencing or what I'm not count on the question of money laundering so we could address the three key issues of money laundering what is the total quantity of money how much of it is dirty and how much of it was concealed therefore qualifies as laundered money as opposed to just dirty money found okay it's got to be concealed in order for resentencing as opposed to a limited remand for articulation of his reasons I mean I guess I want to know how we would broad the remand would be we would ask for a remand to address the money laundering issues and to make specific findings of fact which I assume would encourage the judge to have a hearing on those issues where this could be to have argument to it we can have argument based on the trial record we'd be fine with that absolutely resolution of count one would that make any practical difference if count one were resolved as far as your forfeiture claim count one if count one if the conspiracy claim were set aside do you get the same result that you're asking for now and I okay if count one is set aside right we've got to deal with the forfeiture problem right what the government would have to do there so if count one is set aside there's no longer a forfeiture judgment we still have to deal with the money laundering sentencing because the drugs count one had no impact on sentencing all right so all you're looking to is the actual sentencing that you say he's about to complete right he's already served the perjury he's already served all 60 months on that or will have soon and well with a good time he has so yes thank you I appreciate the extra time you've given me Steve all right thank you counsel you'll have your thank you what did you two minutes rebuttal good morning and may it please the court I'm Melissa Salinas I'm counsel of record for Patrick Smith and we have a student in the federal appellate litigation clinic at the University of Michigan Law School presenting his argument today thank you good morning morning and may it please the court my name is Brandon Fetzer and I represent the appellate Patrick Smith before I begin I'd like to reserve two minutes for rebuttal very well Patrick Smith should not spend the rest of his life in prison after declining to testify against Travis Gentry the alleged leader of the conspiracy the government sought a life sentence against this 36 year old man it then proceeded to try Mr. Smith on scarce evidence and the inadmissible testimony of its case agent we asked this court to reverse mr. Smith's convictions with my limited time I'd like to begin with the 701 issue the lower court judge abuses discretion by allowing the case agent agent Richardson to interpret impermissible plain English words and phrases United States versus Freeman was decided after mr. Smith's conviction and the district judge didn't have the benefit of its reasoning however it's binding on direct appeal and expertise and credibility at one point he said you understand the language completely as time goes on and that's at page ID seven seven eight six he spoon fed his interpretations to the jury the jury was left in the dark regarding the source of his information in many instances and the words and phrases were clearly plain English you saved me last night brother three this time all plain English words and phrases you saved me last night is particularly troubling because the jury was clearly left in the dark regarding the source of the information at trial the government attributed the information to average stack an informant however looking through the record the government agent testified that he heard information from a source and that's how we knew Patrick Smith was going to the house and that's how they knew to talk to stop Patrick Smith and three this time in regard to three this time the government attributed that to mean that mr. Smith had three ounces of cocaine or was going to cook three ounces of cocaine into crack and then in regard to brother the government said that brother meant drug dealer in that these people were capable of throwing five to six ounces of cocaine on to someone at one time and that's at 007 and if you look at United States versus Freeman where the government agent interpreted we get rich Ohio and situation is over with it's clearly analogous to this case and it's really important in regard to mr. Smith's convictions based on the scarce physical evidence and other evidence implicating mr. Smith in this conspiracy no rational jury could have found mr. Smith guilty beyond a conspiracy money laundering counts the evidence in this case was thin if you look as a whole it's really easy to cherry-pick certain facts out of the record but if you look at the record as a whole there's some key facts that I'd like to point out to the court the government thought that Spencer Randolph's house was so important to the conspiracy alleged by the government that it installed a poll camera to observe all the goings on at the house on this poll cam and agent Richardson sorry agent Richardson testified that this was the conspiracy at trial the government introduced a series of photos and mr. Smith was not pictured in a single one of these photographs and that begins at page ID 7792 furthermore Spencer Randolph testified that mr. Smith was only at his house one time and it was to wish mr. Spencer Randolph well because he was feeling sick and that's at page ID 7121 at trial when Spencer Randolph was asked to identify mr. Smith he identified him as Nick that's at page ID 7120 Randy Randolph got on the stand and testified and now Randy Randolph was the government's or sorry was Travis Gentry's right-hand man he said that Smith never sold or delivered drugs to him and Smith never sold drugs to anyone else and that's at page ID eight six six eight based on these facts it's clear that mr. Smith was at most on the periphery of the conspiracy alleged by the government going specifically into the law and why the evidence was legally insufficient to prove mr. Smith guilty of drug conspiracy the government has to prove the overlapping of the participants in a mere association with the other participants in the conspiracy is insufficient for a finding of guilty and that's based on United States versus Pierce the government concedes as much in its brief that mr. Smith interacted almost exclusively with Travis Gentry there was no connection or very limited connection to any of the other co-conspirators he was mr. Smith was friends with Travis Gentry and through that association associated with some of the other individuals but not in any capacity regarding the conspiracy furthermore the government asserts that the common goal was generating thousands of dollars to the sale of drugs through a small Tennessee town now if you look at the record mr. Smith couldn't have shared this goal he didn't live in the same town and when he was arrested he wasn't found with any money on him he wasn't found with any drugs mr. Smith was motivated by a desire to get high with his friend he wasn't trying to generate thousands of dollars furthermore looking at the type of conspiracy earlier during my co-counsel's argument however we argue that this is a wheel and hub conspiracy this wasn't a situation where a to B to C to D at least in regard to mr. Smith as I mentioned before mr. Smith didn't interact with the other members of the conspiracy he interacted almost exclusively with Travis Gentry and when we're dealing with the wheel conspiracy in United States versus Wofford this court's opinion United States versus Wofford the court held that the government must show a significant interdependence between the conspirators when there's this wheel and hub conspiracy and remembering the testimony in this case that mr. Smith was the one who cooked cooked the crack with mr. Gentry that's correct there is some evidence that mr. Smith cooked crack and how does that relate to your knows that they're not using that much we are there was no evidence as to what exactly happened without with those drugs and if you what do you think is is it a reasonable implication for a jury to determine that he cooked it and it was sold no your honor based on other testimony at trial I believe it was Nick testimony at 81 page ID 8142 he testified that Travis was helping mr. Smith cook crack cook cocaine into crack for mr. Smith's use so there was no evidence that mr. Smith was turning around and taking the drugs and distributing them looking at the phone calls as well it seems clear that Travis Gentry was helping Smith cook crack for mr. Smith it wasn't the other way around your honor it wasn't mr. Smith helping Travis Gentry cook crack to then distribute through Tennessee well at least the government's theory was that mr. Smith was negotiating purchases and sales and and checking quality of the the substantial drugs that were at least by the government's arguments significantly more than personal use quantities you agree yes your honor and I'm glad you brought that up if you look at the calls and I encourage the court to actually listen to the calls and look at the testimony the calls don't support the government's argument for instance the government argues that Smith bought drugs for Gentry and if you listen to the call that's the government exhibit 25 it shows more clearly that mr. Smith bought drugs for himself I see that my time has expired may I briefly respond it shows more clearly that mr. Smith bought drugs for himself for personal use and then Travis Gentry was also looking for drugs and mr. Smith offered to share the small quantity that he had purchased with mr. Gentry there was no intent to purchase drugs for Travis Gentry for Travis Gentry to distribute the drugs and then in regard to inspecting the drugs call government exhibit 41 there's no indication that that was at Travis Gentry's instruction without question there were conversations dealing with drugs in this case Patrick Smith and Travis Gentry discussed drugs but there's no indication at all whatsoever in the record that any of the inspection was on Travis Gentry's behalf and negotiation if you listen to the call again that's government exhibit 24 and 25 the negotiation never occurred there was no negotiation by mr. Smith in regard to mr. Smith's convictions thank you any further questions thank you you'll have your two minutes rebuttal all right let's hear from the government mr. Lieberman good morning your honors and may it please the court first of all I appreciate the accommodations that the court has made to allow me to appear by telephone this morning I will try to speak slowly and pause because it's obviously difficult for me to hear questions I will start with mr. Smith and move backwards from the opening and I'll start with the sufficiency claim mr. Smith agrees in his briefs he agrees at trial that he was in a drug relationship with mr. Gentry he simply says it was a personal youth relationship the jury could find the contrary we had testimony from Nick White that on occasion when Gentry needed cocaine you would have to quote holler at Smith and get it through him we had testimony from Brandon Matthews this goes to a question that judge Strange asked Brandon Matthews testified that he watched Smith and Gentry cook together on one occasion and then at the end of the process he estimated that Gentry gave Smith approximately two ounces of crack from the fresh batch that is not a personal use quantity that is a distribution level quantity my colleague on the other side has those confirm the jury's verdict in this case and I'll just say a couple government exhibit 16 Smith it received some sort of delivery called mr. Gentry quote it got the chunks in it but it ain't slapped well slab is a descriptor for powder cocaine Smith next says you can see all them little chunks in it ain't no one size jury could infer that this was more than a gram or two given all of them little chunks Smith at the end of the call says I'm here right now suggesting that he is here to pick up part of part of the ship government exhibit 20 Smith called Gentry about another deal a buddy Ross not by looking for 975 unobjected to testimony at trial both from a co-conspirator and our agent that 975 referred to price and there was a right after that statement there was torque torque is code for cocaine again this is a quantity and these are sums of money that evidence a distribution level quantity finally a call that my colleagues have referenced the series of calls government exhibits 24 through 26 Smith starts in 24 I had to get it from the oldest one I could let you check it out she's looking good gentry replies no more than ten and a half for it call 25 Smith I got two of them gentry responds grab a bitty box a bitty box is a slang term for baking soda call 26 gentry immediately calls his mother after this conversation quote had some brought back that stuff don't mess with that money or those broad if gentry is warning his mother not to mess with that money one can safely infer that this is not a small quantity of money engaged in this deal line these wiretaps up line the testimony up a jury could easily infer mr. Smith's involvement in a distribution level conspiracy alleged in the indictment I know that the defendants have alleged a variance claim the government is happy to stand on its brief on that issue unless the court has any questions are you going to address the the agent's testimony absolutely your honor first I just want to flag a threshold disagreement we believe the government believes that plain error review applies the district court did not issue an explicit and definitive ruling on this issue pretrial her ruling was by definition conditional she denies the motion on the assumption that the government lays a proper foundation under 701 for admitting this testimony if the defendant believe that she's telling mr. Smith if the defendant believes the government has not laid a foundation for interpreting words or phrases he may object so the district court is telling him lodge your 701 objection to particular words or phrases and he just didn't do that and this makes sense in a lot of the cases Freeman being the exception most district court judges want to see how the testimony is coming in what particular words are at issue or in dispute and so this is why defendants rarely get standing objections on the basis of 701 so we think we're here under plain error about the government still think there's no reversible error whatever the standard I think it's easiest for me to walk through the three objections that mr. Smith has raised I'll walk through by trial exhibit number I think that's the easiest government exhibit 29 quote I'm going to do like the three this time I'm going to have them throw me another the phrase do the three is completely cryptic it is to an outsider to the conversation nobody has any clue what they're talking about it requires contacts Freeman says when we have cryptic language the government can take 701 testimony as long as it the agent supplies personal knowledge which we have in this case unlike the testimony unlike the agent in Freeman who simply reviewed the wiretaps agent Richardson here was one of our lead agents coordinated the investigation he met with he met with co-operators he monitored the whole camera footage he had far more personal knowledge than the agent in Freeman also the other aspect of Freeman that is interesting at page not 598 the panel sites to the Seventh Circuit's decision in the Rollins case presumably illustrating it as an appropriate example of how the government may use 701 testimony in Rollins one of the objections was that the agent there when interpreting wiretaps quote gave his impression that particular numbers referred to amounts of or prices for illegal drugs same claim here it appears that the Freeman panel had no problem with the Rollins decision so we argue that the same result applies our agent also did not commit the other two sins of Freeman when offering this testimony he said look at the prior calls Smith and Gentry are referencing a two ounce spot now maybe he's right maybe he's wrong but the jury can go back to those calls and double check his work assess his credibility in Freeman the agent simply said well I know this based on the investigation of the whole our agent never did this final sin of Freeman that we did not commit here our agent did not assert that he was more qualified than jurors to interpret these calls and the complete quote that my colleague started referencing it that 1446 volume 1446 page ID 7785 our agent says over one call over a series of calls you may not understand the code but in 10 calls in 30 calls and 40 calls you realize what they're talking about and as time goes on you understand it completely in this case the government presented 190 calls to the jury so it had a complete foundation to check our agents work as to the other two I can dispense with hopefully quicker to the set of brothers these were the young one the dark one the older one these were referencing calls 24 through 38 this is classic drug code in any event Smith opened the door because it was he who first referenced government exhibit 38 on cross examination in that call Smith told Gentry they're trying to throw a little extra the little one the dark one and the older one I said no slow it down defense counsel after agent what this meant and our agent said my interpretation is that Smith supplier tried to put six ounces of cocaine on him and he didn't want so it is defense counsel that has tied the connection between the brothers a dark one an older one and a young one to drug suppliers we simply stress that testimony again on redirect final objection you save me tonight government exhibit 139 no objection to this and we think that this language is cryptic abbreviated speech ambiguous reference to events also the testimony was completely harmless Smith has admitted that he and Gentry exchanged drugs our agent simply said Smith and Gentry had an unconsummated cocaine transaction that night whether that meant actually had a transaction that night or whether the agent misinterpreted it it didn't change the overall proof in light of in light of the concessions that Mr. Smith lodged unless there are any questions I'm happy to move on to Mr. Randolph hearing none the inconsistent jury verdict claim I share the court's puzzlement but this court's case law is pretty clear it says inconsistent jury verdicts are unreviewable a jury may announce logically inconsistent verdicts and I go back to a hypothetical that Judge Strange addressed the bad man hypo perhaps the jury misconstrued the district court's instruction the first instruction had a possession point in it and she later clarified to say what was the substance involved maybe the jury made a deliberate decision to acquit Randolph maybe they were confused maybe there was something else going on maybe it was compromise we don't know and for that reason that's why we do not review inconsistent jury verdicts we don't necessarily like compromise do we I'm sorry we don't exactly ratify compromise verdicts do we so this court in Lawrence says a jury may reach a verdict out of compassion or compromise I don't think we like it but we understand that juries occasionally do that and this court has not reviewed them I actually could not find a single case where this court or another court has faced a situation like this and said the jury verdict is reviewable and then this is not I'm sorry is there a question no but you do agree that the verdict forum was erroneous in asking them to find to indicate if they find unanimously that a particular drug was not involved that they should check none right yes the verdict forum was confusing your honor but we're looking at the deficiency of the conviction on the drug conspiracy count the evidence was fine that there's been no challenge rate to the jury instructions themselves and if we just have an inconsistent jury verdict claim I think this court's precedent squarely resolves that this is also not a case indicted this court says that there may be a case of mutually exclusive jury verdicts but that this case does not fall within the definition of the term at least how the Supreme Court has used that term and this court has used that term do you acknowledge that the answers on the jury verdict forum are inconsistent yes they appear inconsistent I unfortunately don't have the verdict forum in front of me and I'm struggling to remember the exact language well ok I mean the first thing is do you find him guilty or not guilty and then the second question is with respect to count one of the indictment the amount of cocaine involved in the conspiracy was and then they asked the same question as to crack cocaine and marijuana and the jury finds none as to all the drugs so to I mean ok is it a crime to conspire to possess an intent to deliver no controlled substances I don't think so your honor I think that they have to the conspirators have to agree on that this is an illegal drug conspiracy I mean there has to be some drugs involved in the conspiracy at least the agreement has to contemplate drugs so yeah that shows the problems with the verdict but it's nothing more than an inconsistent verdict forum and while unsatisfying it's not reversible error unless there are any more questions I can move on to the sentencing issue and well tell me I mean you say that and I think you're right that the law it's hard to find a case where we've reversed a criminal conviction on the basis of is that a good rule or I mean assuming we have the discretion to rule otherwise tell me why that would be a good rule in the interest of justice in this case when the jury finds there's no drugs yes your honor because it's again there are several we don't know why the jury did it defense counsel's theory is that they intended to acquit him and they mistakenly convicted him on the first count maybe they were confused as to the jury instructions as to what these special interrogatories mean perhaps there was something else in the jury room we just don't know and that's exactly why courts have been reluctant to look behind the jury verdict itself you do you agree with Lieberman that the only practical effect of this question relating to count one is the forfeiture judgment that's my understanding yes your honor so there would be no need to have conduct we resentencing in relation to this issue I don't think so but if I am wrong or I've misstated something I will notify the court but I don't think that's correct I mean I think that your statement is correct is it your position that this panel is bound by a prior published binding decision of our court the Sixth Circuit or the Supreme Court as to this inconsistent verdict issue and if so what's your best case that we are so bound so in United States versus Smith that's cited on page 37 of our brief this court has said inconsistent jury verdicts are unreviewable and then in the Lawrence case which we also that's the holding of the case I assume I believe when you said it says something I don't know if that means it's dicta or it's holding and we don't have to follow dicta that's correct your honor but this court has said multiple times that or again I have not these claims have been raised throughout the years in that similar language is in each one of this court's cases with only the one exception for mutually exclusive jury verdicts and that was in an unpublished case citing to some dicta in a Supreme Court case alright I guess move on to the other issues the last issue that was addressed this morning was the laundered funds calculation and as the court can see from our response brief we agree that there was there were problems in the district court's fact finding at least to get up to $200,000 problems I mean the district court really didn't have any fact finding did it she simply cited to the testimony of Amber Stack which we think is telling because Amber Stack discussed the money laundering of the conspiracy as a whole that's why in our brief we discussed that we think there would be ample basis to enhance on the basis of 1B13 the problem here was we did not the district court's findings did not meet the formality required by the Orlando decision and so this court the only decision for this court is to decide whether or not Mr. Randolph has preserved the claim we argue that he has not I outlined the reasons why in our brief but this court if it disagrees and finds the claim preserved we think that a limited remand would be appropriate on the assumption that the claim is preserved a limited remand to recalculate the laundered funds calculation so unless there are any more questions about that claim or any of the other issues that I haven't addressed this morning I'm happy to ask that the court affirm and again I thank the court for accommodating my travel circumstances. Alright thank you Mr. Lieberman it does not appear that we have any further questions and we appreciate you arguing this morning thank you. Thank you. Yeah Mr. Samuel. Let me address this inconsistent verdict rule issue our argument about inconsistent verdicts is really just by analogy there is no case that deals with this particular facts because we are not dealing with inconsistent verdicts we have one verdict it's count one what we are dealing with is a jury which affirmatively unmistakably and clearly negated an element of the offense and the government concedes that they concede you can't have a conviction with these elements having been denied it's an element of the offense that's been negated it would be as if the crime charged was bank robbery which requires four elements you got to rob a bank that's FDIC insured and the jury has a special verdict form and the third thing they write down is we unanimously find it's not FDIC insured it's not an inconsistent verdict you're just not guilty of that crime anymore the jury has negated an essential element of the offense and the government I'm pointing to you Mr. Lieberman the government has acknowledged it's an element of the offense alright what's the best case you've got well we don't use special verdict forms in criminal cases I think that's the problem it is a problem but civil practice has now gone over to the criminal side and now we've got the same problems we have in the civil side I just want to make sure the court understands the mutually exclusive verdict rule and Mr. Lieberman is absolutely right if you're found guilty of a bank robbery on count one and acquitted of the 924C on count two or vice versa the court says whatever juries do crazy things same count? that's exactly right you can't be guilty of count one if there's no drugs you can't be it's not two different verdicts that are mutually exclusive it's the same one count call it then if it's not a verdict you're calling it a finding it's a finding on an element they were asked to make a finding with regard to an element of the offense and they made a finding unanimously that negates the crime say they separated is he guilty of the offense and there's three elements of the offense and then the judge breaks it down as to element number one did you find it yes element number two no I didn't find it element number three I did find it but the first thing says guilty of the offense you would say that's not inconsistent it's just not guilty not guilty and it was kind of a mistake check I've had it in firearm cases you know did the defendant was it a machine gun yes did the defendant know it was a machine gun no well the judge says well in that case the defendant's not guilty they shouldn't have been given an option to check none I mean this is you do have verdict forms routinely that the jury is called upon to determine quantity drug quantities for purposes of the mandatory minimums but what they tend to say is zero to fifty and they say they check that box so you don't end up with the problem it says zero to fifty the judge says okay it's the lowest level thank you right I don't want you to go yet I'm enjoying the weather so I mean I'm asking are we bound by a case by the Supreme Court or the Sixth Circuit on this issue and you're saying no I have not found a case and I think Mr. Lieberman agreed we can't find a case in which an element was specifically negated and the judge said well who cares the general verdict controls and so neither of us found a case that said that I just don't want the court to start looking as Mr. Lieberman suggests at the mutually exclusive verdicts and say that those cases control so you say we have discretion here and we should so exercise it exactly and we join the government if I can say so in recommending a remand on the money laundering so we can have an adequate record adequate findings so this court can review thank you so much your honor I appreciate it Mr. Fetzer you've got two minutes too I'm going to begin with the Freeman and then transition to the sufficiency of the evidence claim I want to talk briefly about the standard of review for the 701 issue Mr. Smith's counsel at trial before trial objected in a motion in limine and the judge object overruled the objection outright but left the door open to object on other grounds such as speculation hearsay other grounds so 701 was overruled without question and then at Mr. Smith's counsel further objected to these statements he objected they objected to hearsay and speculation and that's at page ID 7777 and 7861 so abuse of discretion should be the standard of review furthermore all of the evidence essentially all of the evidence is based on these wiretaps and the government agent agent Richardson couldn't have known based on personal information anything regarding Mr. Smith because the wiretaps were all he had Mr. Smith wasn't the target of the investigation he simply got swept up into this larger investigation of Travis Gentry stepping back for just a moment the hearsay objection or speculation objection is not doesn't challenge the admissibility of 701 testimony generally you agree with that that's correct your honor and and that was the objection voiced at trial was hearsay or or speculation and this I think in relation to the to the government seeking to establish a context for understanding the testimony about the three instead of two you agree that's correct your honor however in conjunction with the motion in limine the judge left the door open not on 701 grounds but on other grounds and that's exactly what counsel did in this case and in regard to the language in Freeman the language was we get rich Ohio that's just as vague and I see that my time has expired may I go ahead just as vague and incomprehensible as you saved me last night which on the face of it seems pretty clear like it's clear language it's not some it's not kush or any of the other words that the government points to rather it's clear based on the situation and if I may briefly turn to the sufficiency argument basically all the evidence boils down to a buyer seller relationship between Patrick Smith and Travis Gentry all the evidence recited by the government links Patrick and Travis that's it it doesn't go any further than that and in the Sixth Circuit a buyer seller relationship is insufficient for a finding of conspiracy and that's based on United States vs. Brown if there's no further questions your honors thank you Mr. Spencer appreciate the arguments on all sides and they were well presented good job